# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ROLAND ROSS,

    *Defendant.*

Case No. 16-10079-EFM

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Roland Ross' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 59). Petitioner contends that his conviction and sentence are in error because of the Supreme Court's recent decision in *United States v. Davis*[1] holding that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Because Petitioner's reliance on *Davis* is misplaced, the Court denies the motion without holding an evidentiary hearing.

### I.     Factual and Procedural Background

The facts surrounding Petitioner's judgment of conviction are as follows. On June 1, 2016, Petitioner, along with co-defendant Michael Ray Phillips, Jr., was indicted by a grand jury with one count of Hobbs Act robbery under 18 U.S.C. § 1951 and one count of brandishing a firearm

---

[1] -- U.S. --, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019).

during and in relation to a crime of violence, namely, the Hobbs Act robbery set forth in Count One of the Indictment, under 18 U.S.C. § 924(c).

On August 22, 2016, Petitioner entered a guilty plea to Count Two of the Indictment—brandishing a firearm during and in relation to a crime of violence. The Court sentenced Petitioner to 108 months of imprisonment. Petitioner filed a direct appeal to the Tenth Circuit Court of Appeals, and on November 29, 2017, the Tenth Circuit affirmed his sentence.

On June 10, 2019, Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. He moves to set aside his sentence in light of the *Davis* decision. The Government opposes Petitioner's motion.

## II.     Legal Standard

Under 28 U.S.C. § 2255(a),

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> the judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.... If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[3] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[4]

### III. Analysis

In *United States v. Davis*, the Supreme Court addressed the constitutionality of 18 U.S.C. § 924(c), which "threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes."[5] That statute states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any ***crime of violence*** or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

---

[2] 28 U.S.C. § 2255(b).

[3] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), overruled in part on other grounds by *Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[4] *See id*. (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[5] *Davis*, 139 S. Ct. at 2323.

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.[6]

The statute further defines a "crime of violence" as an offense that is a felony and:

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[7]

The definition set forth in paragraph (A) is referred to as the "elements clause," while the definition in paragraph (B) is referred to as the "residual clause." The *Davis* decision struck down the residual clause as unconstitutionally vague under due process and separation of powers principles.[8]

Contrary to his assertion, Petitioner is not entitled to any relief under *Davis*. Petitioner's predicate offense in this matter was the Hobbs Act robbery set forth in Count One of the Indictment. The Tenth Circuit has held that "Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A) because that clause requires the use of violent force, and the force element in Hobbs Act robbery 'can only be satisfied by violent force.'"[9] Thus, the predicate offense used to support Petitioner's conviction for brandishing a firearm in furtherance of a crime of violence did not fall under the residual clause of § 924(c)(3)(B). Rather,

---

[6] 18 U.S.C. § 924(c)(1)(A) (emphasis added).

[7] *Id*. § 924(c)(3).

[8] *Davis*, 139 S. Ct. at 2336 ("We agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague.").

[9] *United States v. Dubarry*, 741 F. App'x 568, 570 (10th Cir. 2018) (quoting *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064-65 (10th Cir. 2018)).

it fell under the elements clause of § 924(c)(3)(A). Therefore, the Supreme Court's decision in *Davis* has no effect upon Petitioner, and his motion to vacate his sentence is denied.[10]

As a final matter, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the defendant. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[11] A defendant satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[12] For the reasons stated above, the Court finds that Petitioner has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on this motion.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 59) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of September, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[10] The Court does not address whether *Davis* can be applied retroactively—an issue that the dissent acknowledged was an open question. *See Davis*, 139 S. Ct. at *2354 (asking "[a]nd who knows whether the ruling will be retroactive?").

[11] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA. *See* 28 U.S.C. § 2253(c)(1).

[12] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).